Avery, J.
The pleader, in his averment of the breach in the declaration, has copied the language used in the condition of the bond, to describe the settlement which was to be made with Law.
The bond it will be seen, provided for transferring to sundry persons a number of bonds of $500 each, and a number of shares of the Company’s stock, amounting to several thousand dollars. What is the true amount does not appear by the bond, because the nominal value of the stock is not stated ; but it is *438 apparent enough that these various sums and shares constituted the largest part in value of all that was provided for in condition of the bond. There is however no averment in the declaration of any breach of this part of the condition. The judgment, nevertheless, is for the full face of the bond, together with a sum in damages nearly equal to the whole interest upon it, up to the time of taking judgment. It is not easy to see how so large a judgment could be rendered, if there was not a failure to perform in the particulars above alluded to, and it would seem that the judgment must therefore be erroneous, because the facts appearing upon the record do not authorize a judgment for such an amount.
But in the opinion of the Court the breach actually assigned, is defectively set out. ■ The condition provides, that the Company shall settle with Law, in accordance with the terms of a certain obligation executed in March, 1841, yet there are no averments in the declaration, setting out this obligation, showing what were the terms of it, or that it ever in reality existed. Neither does the condition allude to or describe the obligation in such a manner as to show sufficiently what the obligation was, and to dispense with averments setting it forth substantially in the declaration. In omitting to make these allegations, and to show a breach corresponding to such a state of case, there was error.
Further, the damages appearing in the plea and judgment, are greater then the amount claimed as damages in the declaration. In the declaration they are stated at $3,500, in the judgment at $3,509. This error, if it stood alone, could be corrected here, but it is not the only error. The judgment must be reversed.